UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

OLLIE PINKNEY,

                    Plaintiff,

-vs-                                        Case No.  6:11-cv-241-Orl-19DAB

MAVERICK CONDOMINIUM
ASSOCIATION, INC.,

                    Defendant.
_____

# ORDER

This case comes before the Court on the following:

1.      Motion to Dismiss Amended Complaint by Defendant Maverick Condominium
        Association, Inc. (Doc. No. 23, filed Apr. 22, 2011); and

2.      Response to Defendant's Motion to Dismiss by Plaintiff Ollie Pinkney (Doc. No.
        24, filed May 2, 2011).

## Background

### I.  Plaintiff's Allegations[1]

In this employment discrimination case, Plaintiff Ollie Pinkney asserts that she was unlawfully terminated from her position as a porter for Defendant Maverick Condominium Association, Inc. ("Maverick") on April 30, 2009.  (Doc. No. 22 ¶¶ 8, 20.)

Pinkney claims that she was terminated upon returning to work after two personal days off that Maverick had previously approved.  (Id. ¶¶ 9, 21.)  According to Plaintiff, Maverick gave no

_____

[1] The facts presented in this Order are derived from the allegations of the Amended Complaint.  These facts are included only to provide context and should not be construed as findings of fact.

reason for her termination, and she was the oldest and only female porter employed by Maverick at the time she was terminated.  (*Id.* ¶¶ 10, 12, 22, 24.)  Plaintiff was either 48 or 68 years old at the time she was terminated by Maverick.[2]

Pinkney further alleges that at the time of her termination, "individuals younger that Plaintiff" and "Defendant's male employees in positions similar to Plaintiff were treated more favorably."  (*Id.* ¶¶ 13, 26.)  Plaintiff maintains that the she performed her job duties for Maverick in a competent and successful manner and that she suffered lost past and future wages and benefits as a result of her termination.  (*Id.* ¶¶ 15-16, 28-29.)

## II. Procedural History

On April 13, 2011, Plaintiff filed an Amended Complaint against Maverick alleging that she was terminated on the basis of age and sex in violation of the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621, et seq. and Title VII of the Civil Rights Act of 1964 ("Title VII"), as amended, 42 U.S.C. § 2000e, et seq.  (Doc. No. 22.)  Maverick now moves to dismiss the Amended Complaint for failure to state a claim upon which relief can be granted.  (Doc. No. 23.) Plaintiff has filed a response in opposition.  (Doc. No. 24.)

### Standard of Review

When ruling on a motion to dismiss for failure to state a claim upon which relief may be granted under Federal Rule of Civil Procedure 12(b)(6), a court must limit its consideration to the complaint, the written instruments attached to it as exhibits, "documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Tellabs, Inc. v.*

---

[2] Plaintiff alleges that her date of birth is September 16, 1941, and that she was 48 years old at the time she was terminated.  (Doc. No. 22 ¶ 11.)  The Court's analysis is not affected by the inconsistency presented by these allegations.

*Makor Issues & Rights, Ltd.*, 551 U.S. 308, 323 (2007); *GSW, Inc. v. Long County, Ga.*, 999 F.2d 1508, 1510 (11th Cir. 1993).  In determining the merits of the motion, a court must "accept all factual allegations in the complaint as true."  *Tellabs*, 551 U.S. at 323.  However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions."  *Ashcroft v. Iqbal*, __ U.S. __, 129 S. Ct. 1937, 1949 (2009).  Thus, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  *Id.* (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

Once a court "identif[ies] pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth," the court must next determine whether the well-pled facts "'state a claim to relief that is plausible on its face.'"  *Id.* at 1949-50 (quoting *Twombly*, 550 U.S. at 570).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.* at 1949 (citing *Twombly*, 550 U.S. at 556).  "Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense."  *Id.* at 1950 (citation omitted).  As the United States Supreme Court explained:

> The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully.  Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

*Id.* at 1949 (quotation marks and internal citations omitted) (quoting *Twombly*, 550 U.S. at 557).  On a Rule 12(b)(6) motion to dismiss, when a court considers the range of possible interpretations of the defendant's alleged conduct, if the "more likely explanations" involve lawful, non-actionable behavior, the court should find that the plaintiff's claim is not plausible.  *Id.* at 1950-51.

**Analysis**

Maverick argues that Plaintiff's ADEA and Title VII claims should be dismissed because Plaintiff fails to allege sufficient facts in support her claims.  (Doc. No. 23 at 4-5.)  Removing from consideration Plaintiff's conclusory allegations that Maverick terminated Pinkney "based upon" her age and gender, (Doc. No. 22 ¶¶ 14, 27), which are not entitled to a presumption of truth on a Motion to Dismiss, *Iqbal*, 129 S. Ct. at 1949-50, the Court agrees with Maverick that Plaintiff has not pled facts plausibly establishing claims of age and sex discrimination.

**I.  Count I: Age Discrimination in Violation of the ADEA**

The ADEA makes it unlawful for an employer to terminate an employee "because of [her] age."  29 U.S.C. § 623(a).  Therefore, to sufficiently plead an ADEA claim, Plaintiff must allege facts plausibly establishing that her age was the "but for" cause of her termination.  *See Gross v. FBL Fin. Servs., Inc.*, 129 S. Ct. 2343, 2351 (2009) (interpreting the ADEA to require but-for causation).  The requisite causal connection between age and termination may be sufficiently pled by, *inter alia*, factual allegations indicating that the plaintiff was replaced by a substantially younger individual or that the plaintiff was treated differently than a similarly situated, substantially younger employee.  *See O'Connor v. Consolidated Coin Caterers Corp.*, 517 U.S. 308, 313 (1996) (noting that the relevant comparison is to someone who is "substantially younger," not necessarily someone under the age of 40); *Ogunbamise v. WellStar Cobb Hosp.*, 329 F. App'x 902, 902 (11th Cir. 2009) (affirming summary judgment for the employer because the employee failed to show that "he was replaced by a younger individual or treated differently than a similarly situated person").

In the Amended Complaint, Plaintiff contends that she was terminated upon returning to work after two authorized days of leave without any explanation from Maverick, despite having

performed her job duties in a "competent and successful manner." (Doc. No. 22 ¶¶ 9-10, 16.) Maverick's failure to provide Plaintiff an explanation for her termination does not permit an inference of age discrimination because an employer may lawfully terminate an employee for any non-discriminatory reason or no reason at all. *See Damon v. Fleming Supermarkets of Fla., Inc.*, 196 F.3d 1354, 1363 n.3 (11th Cir. 1999) ("An employer may fire an employee for a good reason, a bad reason, a reason based on erroneous facts, or for no reason at all, as long as its action is not for a discriminatory reason." (internal quotation omitted)).

Plaintiff also asserts that she "was the oldest porter employed by Defendant" and that "[a]t the time [she] was terminated from employment, individuals younger than [her] were treated more favorably." (Doc. No. 22 ¶¶ 12-13.) Absent any allegations of fact suggesting that the "individuals younger than Plaintiff" were similarly situated to Plaintiff in any relevant respect, the Court cannot reasonably infer that Plaintiff's age had any bearing on Maverick's decision to terminate her, let alone that Plaintiff would not have been terminated but for her age. *Cf. Robinson v. Dako N. Am., Inc.*, No. 8:10-cv-00278-T-24-AEP, 2010 WL 1433420, at *2 (M.D. Fla. Apr. 9, 2010) (finding that the plaintiff sufficiently pled an ADEA claim by alleging that his employer treated him less favorably than a similarly situated younger employee by terminating the plaintiff for engaging in a personal relationship with a competitor's employee but not terminating a younger employee engaged in a similar relationship). Accordingly, based on the limited facts alleged in the Amended Complaint, and finding no argument by Plaintiff or authority to the contrary, Plaintiff has failed to sufficiently plead a claim against Maverick under the ADEA.

## II.  Count II: Sex Discrimination in Violation of Title VII

A Title VII sex discrimination claim "is established when the complaining party demonstrates that race, color, religion, sex, or national origin was a motivating factor for any employment practice, even though other factors also motivated the practice."  42 U.S.C. § 2000e-2(m).  "Although a Title VII complaint need not allege facts sufficient to make out a classic *McDonnell Douglas* prima facie case, . . . it must provide enough factual matter (taken as true) to suggest intentional race discrimination." *Davis v. Coca-Cola Bottling Co. Consol.*, 516 F.3d 955, 973 (11th Cir. 2008) (internal citations and quotations omitted).

In the Amended Complaint, Plaintiff contends that she was terminated upon returning to work after two authorized days of leave without any explanation from Maverick, despite having performed her job duties in a "competent and successful manner."  (Doc. No. 22 ¶¶ 21-22, 29.)  As with Plaintiff's ADEA claim, no actionable Title VII discrimination arises merely from the fact that Maverick terminated Pinkney without providing her an explanation.  *See Nix v. WLCY Radio/Rahall Commc'ns*, 738 F.2d 1181, 1187 (11th Cir. 1984) ("The employer may fire an employee for a good reason, a bad reason, a reason based on erroneous facts, or for no reason at all, as long as its action is not for a discriminatory reason." (citation omitted)).

Plaintiff also asserts that she "was the only female porter employed by Defendant" and that "[w]hen [she] was terminated from employment, Defendant's male employees in positions similar to Plaintiff were treated more favorably."  (Doc. No. 22 ¶¶ 24, 26.)  By alleging that male employees "in positions similar to Plaintiff were treated more favorably," Plaintiff has presented allegations with greater factual specificity than in her ADEA claim, but they still fall short of the plausibility standard required under *Iqbal*.  Absent any factual allegations describing how similarly situated male

comparators were treated differently than Plaintiff, the Court cannot plausibly infer from the alleged disparate treatment of Pinkney that her sex was a motivating factor in Maverick's decision to terminate her.  *See Davis*, 516 F.3d at 974 (finding that an allegation that plaintiffs were "denied promotions . . . and treated differently than similarly situated white employees solely because of [ ] race," without more, did not state a claim for a racially discriminatory hiring policy).  Therefore, Plaintiff has failed to state a Title VII sex discrimination claim upon which relief can be granted.

Because Plaintiff has failed to plead sufficient facts in support of her age and sex discrimination claims, the Amended Complaint shall be dismissed, and Plaintiff shall be afforded leave to file a Second Amended Complaint.

### Conclusion

Based on the foregoing, it is **ORDERED** that the Motion to Dismiss Amended Complaint by Defendant Maverick Condominium Association, Inc. (Doc. No. 23) is **GRANTED**.  The Amended Complaint is **DISMISSED without prejudice**.

Plaintiff Ollie Pinkney has leave to file an Amended Complaint within fourteen (14) days from the date of filing of this Order.  If Plaintiff fails to timely submit an Amended Complaint, this case will be terminated and closed without further notice.

**DONE** and **ORDERED** in Chambers in Orlando, Florida on May 5, 2011.

PATRICIA C. FAWSETT, JUDGE
UNITED STATES DISTRICT COURT

Copies furnished to:

Counsel of Record