UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**OLLIE PINKNEY,**

        **Plaintiff,**

**-vs-**                                                  Case No.  6:11-cv-241-Orl-19DAB

**MAVERICK CONDOMINIUM
ASSOCIATION, INC.,**

        **Defendant.**

_____

## ORDER

This case comes before the Court on the following:

1. Motion to Dismiss Second Amended Complaint by Defendant Maverick Condominium Association, Inc. (Doc. No. 29, filed May 27, 2011); and

2. Response to Defendant's Motion to Dismiss by Plaintiff Ollie Pinkney (Doc. No. 32, filed June 10, 2011).

**Background**

**I. Plaintiff's Allegations**[1]

In this employment discrimination case, Plaintiff Ollie Pinkney asserts that she was unlawfully terminated from her position as a porter for Defendant Maverick Condominium Association, Inc. ("Maverick") on April 30, 2009. (Doc. No. 26 ¶¶ 8, 22.)

Pinkney claims that she was terminated upon returning to work after two personal days off that Maverick had previously approved. (*Id.* ¶¶ 9-10, 21.) According to Plaintiff, Maverick gave

---

[1] The facts presented in this Order are derived from the allegations of the Second Amended Complaint. These facts are included only to provide context and should not be construed as findings of fact.

no reason for her termination, and she was the oldest and only female porter employed by Maverick at the time she was terminated. (*Id.* ¶¶ 11, 14, 24, 26.) Plaintiff asserts that she was 48 years old and had worked for Maverick for approximately five years at the time she was terminated. (*Id.* ¶¶ 7-8, 12.)

Pinkney further contends that "Defendant's other full-time porters, who were an estimated ten (10) to fifteen (15) years younger than Plaintiff, were not terminated from employment." (*Id.* ¶ 15.) Pinkney also alleges that "Defendant's other full-time male porters were not terminated from employment." (*Id.* ¶ 30.) According to Pinkney, she performed her job duties for Maverick in a successful and satisfactory manner, and she suffered various forms of damages as a result of her termination. (*Id.* ¶¶ 16, 18, 25, 32.)

## II. Procedural History

On April 13, 2011, Plaintiff filed an Amended Complaint against Maverick alleging that she was terminated on the basis of age and sex in violation of the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621, *et seq.* and Title VII of the Civil Rights Act of 1964 ("Title VII"), as amended, 42 U.S.C. § 2000e, *et seq.* (Doc. No. 22.) Maverick moved to dismiss the Amended Complaint for failure to state a claim upon which relief can be granted, (Doc. No. 23), and the Court entered an Order granting that Motion and affording Plaintiff leave to file a Second Amended Complaint.

On May 19, 2011, Pinkney filed a Second Amended Complaint asserting ADEA and Title VII claims against Maverick. (Doc. No. 26.) Maverick has moved to dismiss the Second Amended Complaint for failure to state a claim upon which relief can be granted, (Doc. No. 29), and Pinkney has filed a Response in opposition to Maverick's Motion to Dismiss, (Doc. No. 32).

**Standard of Review**

When ruling on a motion to dismiss for failure to state a claim upon which relief may be granted under Federal Rule of Civil Procedure 12(b)(6), a court must limit its consideration to the complaint, the written instruments attached to it as exhibits, "documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 323 (2007); *GSW, Inc. v. Long County, Ga.*, 999 F.2d 1508, 1510 (11th Cir. 1993). In determining the merits of the motion, a court must "accept all factual allegations in the complaint as true." *Tellabs*, 551 U.S. at 323. However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Ashcroft v. Iqbal*, __ U.S. __, 129 S. Ct. 1937, 1949 (2009). Thus, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

Once a court "identif[ies] pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth," the court must next determine whether the well-pled facts "'state a claim to relief that is plausible on its face.'" *Id.* at 1949-50 (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 1949 (citing *Twombly*, 550 U.S. at 556). "Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 1950 (citation omitted). As the United States Supreme Court explained:

> The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

*Id.* at 1949 (quotation marks and internal citations omitted) (quoting *Twombly*, 550 U.S. at 557). On a Rule 12(b)(6) motion to dismiss, when a court considers the range of possible interpretations of the defendant's alleged conduct, if the "more likely explanations" involve lawful, non-actionable behavior, the court should find that the plaintiff's claim is not plausible. *Id.* at 1950-51.

## Analysis

Maverick argues that Plaintiff's ADEA and Title VII claims should be dismissed because Plaintiff fails to allege sufficient facts in support her claims. (Doc. No. 29 at 3.) The Court disagrees. As discussed below, the factual allegations of the Second Amended Complaint, presumed to be true for purposes of this Motion, *Tellabs*, 551 U.S. at 323, permit a plausible inference that Pinkney was terminated on the basis of her age and race in violation of the ADEA and Title VII.

**I. Count I: Age Discrimination in Violation of the ADEA**

The ADEA makes it unlawful for an employer to terminate an employee "because of [her] age." 29 U.S.C. § 623(a). To sufficiently plead an ADEA claim, Plaintiff must allege facts plausibly establishing that her age was a "but-for" cause of her termination, and it is unnecessary to allege facts directed to every element of a prima facie case of discrimination under *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973). *See Gross v. FBL Fin. Servs., Inc.*, 129 S. Ct. 2343, 2350 (2009) (interpreting the ADEA to require "but-for" causation); *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002) ("Given that the prima facie case operates as a flexible evidentiary standard, it should not be transposed into a rigid pleading standard for discrimination cases."). The requisite causal connection between age and termination may be sufficiently pled by, *inter alia*, factual allegations indicating that the plaintiff was replaced by a substantially younger individual or that the plaintiff was treated differently than a similarly situated, substantially younger employee.


*See O'Connor v. Consolidated Coin Caterers Corp.*, 517 U.S. 308, 313 (1996) (noting that the relevant comparison is to someone who is "substantially younger," not necessarily someone under the age of 40); *Ogunbamise v. WellStar Cobb Hosp.*, 329 F. App'x 902, 902 (11th Cir. 2009) (affirming summary judgment for the employer because the employee failed to show that "he was replaced by a younger individual or treated differently than a similarly situated person").

Plaintiff contends that she was terminated upon returning to work after two authorized days of leave without any explanation from Maverick. (Doc. No. 26 ¶¶ 9-11.) Maverick's alleged failure to provide Plaintiff an explanation for her termination, by itself, does not permit an inference of age discrimination because an employer may lawfully terminate an employee for any non-discriminatory reason or no reason at all. *See Damon v. Fleming Supermarkets of Fla., Inc.*, 196 F.3d 1354, 1363 n.3 (11th Cir. 1999) ("An employer may fire an employee for a good reason, a bad reason, a reason based on erroneous facts, or for no reason at all, as long as its action is not for a discriminatory reason." (internal quotation omitted)). However, Plaintiff further alleges that she "was the oldest porter employed by Defendant," that she performed her job duties in "a successful and satisfactory manner," and that "Defendant's other full-time porters, who were an estimated ten (10) to fifteen (15) years younger than Plaintiff, were not terminated from employment." (Doc. No. 26 ¶¶ 14-16.) These allegations suggest that Plaintiff was terminated in lieu of similarly situated, substantially younger porters, and thus, that Plaintiff was terminated because of her age. Accordingly, Pinkney's age discrimination claim against Maverick is well pled.

**II. Count II: Sex Discrimination in Violation of Title VII**

A Title VII sex discrimination claim "is established when the complaining party demonstrates that race, color, religion, sex, or national origin was a motivating factor for any employment practice, even though other factors also motivated the practice." 42 U.S.C. § 2000e-2(m). "Although a Title VII complaint need not allege facts sufficient to make out a classic *McDonnell Douglas* prima facie case, . . . it must provide enough factual matter (taken as true) to suggest intentional [] discrimination." *Davis v. Coca-Cola Bottling Co. Consol.*, 516 F.3d 955, 973 (11th Cir. 2008) (internal citations and quotations omitted).

In the Amended Complaint, Plaintiff contends that she was terminated upon returning to work after two authorized days of leave without any explanation from Maverick. (Doc. No. 26 ¶¶ 23-24.) As with Plaintiff's ADEA claim, no actionable Title VII discrimination arises merely from the fact that Maverick terminated Pinkney without providing her an explanation. *See Nix v. WLCY Radio/Rahall Commc'ns*, 738 F.2d 1181, 1187 (11th Cir. 1984) ("The employer may fire an employee for a good reason, a bad reason, a reason based on erroneous facts, or for no reason at all, as long as its action is not for a discriminatory reason." (citation omitted)). However, Plaintiff further alleges that she was the only female porter employed by Maverick, that she was the only porter terminated by Maverick, and that she performed her job duties in a "competent and successful manner." (Doc. No. 26 ¶¶ 25, 29-30.) Presuming all of Plaintiff's factual allegations as true for purpose of this Motion, *Tellabs*, 551 U.S. at 323, it is plausibly inferred that Plaintiff's sex was a motivating factor in Maverick's decision to terminate her. Therefore, Plaintiff has stated a Title VII sex discrimination claim upon which relief can be granted.

**Conclusion**

Based on the foregoing, it is **ORDERED** that the Motion to Dismiss Second Amended Complaint by Defendant Maverick Condominium Association, Inc. (Doc. No. 29) is **DENIED**.

**DONE** and **ORDERED** in Chambers in Orlando, Florida on June 14, 2011.

*[signature]*

PATRICIA C. FAWSETT, JUDGE
UNITED STATES DISTRICT COURT

Copies furnished to:

Counsel of Record